PEOPLE v. HOPKINS.

(Supreme Court, Appellate Division, First Department.　June 19, 1908.)

1. EMBEZZLEMENT—AGENT OR PARTNER.

In a prosecution for larceny in appropriating money belonging to prosecuting witness, it appeared that prosecuting witness and defendant had entered into an agreement whereby defendant was to act as salesman for a certain period for one-half of the profits on goods sold by him. It was provided that prosecuting witness should advance to defendant a certain sum per week, which should be accounted for in division of the profits. *Held*, that there was no partnership relation, but that defendant was liable as an agent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Embezzlement, § 15.]

2. SAME—DEFENSES.

Where a salesman agrees to work for a percentage of the profits on goods sold by him, and the agreement further provides that the employer shall advance to him a certain sum per week, to be accounted for on division of the profits, and that any checks for merchandise sold by defendant may be made payable to him, but that he shall immediately indorse them over to the employer, he is not guilty of larceny in withholding the funds collected, if he, in good faith, retains the same on his failure to receive the advancement or profits to which he is entitled.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Embezzlement, §§ 13, 14.]

3. CRIMINAL LAW—APPEAL—GROUND FOR REVERSAL.

Under Code Cr. Proc. § 527, providing that the Appellate Court may order a new trial if justice requires it, whether any exception shall have been taken or not in the court below, a conviction for larceny by an agent should be reversed where defendant's counsel erroneously based the defense on the claim that defendant was the partner of the prosecuting witness, and where the evidence was not entirely clear that, but for such error, defendant might not have shown that he was entitled to retain the funds.

Scott and Clarke, JJ., dissenting.

Appeal from Court of General Sessions, New York County.

George W. Hopkins was convicted of grand larceny in the second degree, and he appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Henry Hardwicke, for appellant.

William Travers Jerome, Dist. Atty. (Robert S. Johnstone, Deputy), for the People.

HOUGHTON, J. The defendant was indicted for the crime of grand larceny in the second degree in having while acting as agent for the Spangenberg-McClean Company appropriated to his own use the proceeds of a check of $56.75 belonging to such corporation. Prior to the receipt of the check, defendant had entered into a written agreement with the complainant corporation that he would act as salesman for it for the period of six months for 50 per cent. of the profits of goods sold by himself. By the agreement it was provided that the corporation should advance to defendant $35 per week, which advancement should be accounted for on the division of profits. It was also

provided that any checks for merchandise sold by defendant might be made payable to him, but that he was to immediately indorse them over to the corporation. The agreement continued in force for two months, when it is claimed it was terminated by mutual consent. After such termination, it was discovered that the defendant had indorsed and placed to his own account in bank a check of $56.75 given to him in payment for goods sold belonging to the corporation, and it was for the appropriation to his own use of the proceeds of this check that the defendant was indicted and convicted.

On the trial the defendant introduced no evidence in his own behalf, and the only testimony on the part of the people was that of the president of the complainant corporation. The defendant rested his defense on the proposition of law that he bore a partnership relation to the corporation in the sale of the goods and in the collection of the moneys from purchasers, and hence could not be guilty of larceny in retaining to his own use any of the money collected. This position was wholly untenable, and the learned trial court was right in holding that no partnership relation existed. If any defense upon the merits existed, it should have been developed instead of resting the defendant's rights and liberty upon any such theory.

While it was proved that the defendant and the corporation mutually terminated their relations at the end of the second month of the defendant's service, and while it was shown that the amount of sales which the defendant was able to make were small and that 50 per cent. of the profits upon them did not amount to $35 per week, the evidence does not clearly establish that the corporation in fact advanced each week the $35 which it obligated itself by its contract to do. If it had not made these advancements, and if the defendant openly and avowedly under claim of title to the money, preferred in good faith, retained the proceeds of the check as belonging to himself, he would not be guilty of larceny. So, too, if there was no termination of the contract or determination or settlement of the share of profits to which defendant was entitled, and he being lawfully in possession openly and in good faith claimed the money as belonging to himself as his share of the profits, he would not be guilty of larceny. It is true that no claim of title to the moneys was proven, and it is possible that none made openly and in good faith can be, but, in view of the lack of proof on the part of the people that full payment had been made according to the terms of the contract, and of the erroneous theory of defendant's former counsel upon the trial, we are of the opinion that it is our duty in the interest of justice to exercise the right given us by section 527 of the Code of Criminal Procedure, and order a new trial where all the facts can be developed, and it can be determined upon the merits whether or not the defendant is guilty of the crime charged against him.

The judgment of conviction should be reversed and a new trial granted.

INGRAHAM and McLAUGHLIN, JJ., concur.

SCOTT, J. (dissenting). The evidence showed beyond dispute that the defendant was the agent of the Spangenberg-McLean Company;

that in the course of his employment as such agent he received moneys belonging to his principal which it was his duty to pay over; that he converted or misappropriated it to his own use; and that he concealed the fact of such conversion or misappropriation from his employers. Here were presented all the facts constituting the crime, commonly called embezzlement, now denominated larceny. Section 528, Pen. Code; People v. Civille, 44 Hun, 497. From these undisputed facts, in the absence of evidence to the contrary, the jury were justified in drawing the inference of guilty intent, the only other element necessary to establish the crime. The defendant's contract of employment provided that as compensation for his services he should receive 50 per cent of the amount realized upon orders for merchandise obtained by him over and above the cost of filling the orders, and that he should be paid and be entitled to draw $35 per week on account of his percentage compensation. His defense at the trial was that this agreement constituted a partnership between himself and the company by whom he was employed, and therefore what he took was partnership money, the taking of which did not constitute larceny. As Mr. Justice HOUGHTON observes, this defense was wholly untenable. It is, however, proposed to reverse the conviction because the defendant may have been guiltless of any criminal intent. This theory finds no support in the evidence, and has no better or firmer basis to rest upon than a suggestion by counsel. It is said that perhaps his employers had not paid him all that he was entitled to receive under his contract, and therefore he may perhaps have taken and kept his employers' money believing that that amount was fairly due him. Of this the evidence gives no hint. As I read the testimony, the proof was that the defedant had been paid, during the term of his employment, the full amount due him upon his drawing account, and that the amount thus paid exceeded the 50 per cent. of the profits realized upon the sales effected by him. Such is the fair construction of the complainant's testimony, and there was no evidence to the contrary. But, even if there was something due him upon his contract, he had no right to appropriate his employers' money, and his act in doing so was wrongful. The fact that he concealed the misappropriation from his employers is persuasive proof that he did not take it under any claim of right. And, finally, if he took and kept the money under the claim and belief that he was entitled to do so, the burden rested upon him to prove the fact. The people, having proved the essential facts constituting the crime of larceny, were entitled to rely upon the inference of guilty intent, and it was for the defense to prove if it could the absence of that intent. If full payment had not been made under the contract, that fact would not have justified the embezzlement, and it was therefore not necessary for the prosecution to prove that full payment had been made, although, as already said, I think that this fact was proven. The defendant apparently had a fair trial, and selected his own line of defense. Having failed in that, I can see no ground in the record for affording him an opportunity to devise another. In my opinion the judgment should be affirmed.

CLARKE, J., concurs.